**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------

In re:                                                      Chapter 13

CHRISTOPHER EVERETT MARTIN,                Case No. 26-22358 (DSJ)

                                    Debtor.

-----------------------------------------------------------------

**OPINION AND ORDER DENYING EMERGENCY MOTION TO VACATE ORDER**

This opinion and order addresses an "emergency motion" filed by debtor Christopher Everett Martin to vacate a June 11 order of the Court. The order determined that the automatic stay was not in force so as to bar a Debtor's residential landlord from proceeding with an eviction based on a pre-petition judgment of eviction based on Debtor's roughly $6700 in pre-petition rent arrears.

The Court sympathizes with Debtor but, having reviewed the record, concludes that the Bankruptcy Code clearly establishes that the automatic stay is not in effect in the circumstances present here. The Court further concludes that the order that Debtor asks be vacated correctly states and applies the applicable Code provisions. Debtor's emergency motion to vacate the Court's order therefore is denied.

Debtor was the tenant of a rental apartment and, before the filing of this petition, he had been determined by a state court to owe a sum certain amount in back rent (approximately $6700), and a judgment of eviction was entered. Debtor filed for bankruptcy.

Congress in enacting the Bankruptcy Code adopted stringent protections for landlords that apply to the situation here. Section 362(b) of the Code identifies types of matters as to which the Bankruptcy Code's automatic stay "does not operate," and subsection (22) of that section provides that one proceeding not barred by the automatic stay is, "subject to subsection (l), . . .

the continuation of any eviction . . . or similar proceeding by a lessor against a debtor involving residential property in which the debtor resides as a tenant under a lease or rental agreement and with respect to which the lessor has obtained before the dates of the filing of the bankruptcy petition, a judgment for possession of such property against the debtor." This provision exactly describes Debtor's circumstances.

In turn, subsection (l) of section 362 establishes a narrow exception to the stay's inapplicability, but, if the requirements of subsection (l) are not met, then automatic stay's inapplicability remains, and an eviction may proceed. Subsection (l) has two main requirements, the first being a required payment of one month's rent along with the filing of a certification that the pre-petition judgment may be satisfied and relief obtained by payment of the full amount due, in which case the provision of section 362(b)(22) will become effective only after 30 days following the petition date. During those 30 days, however, subsection (l) further requires (in paraphrased substance) the debtor / tenant both to fully cure the pre-petition monetary arrears or judgment amount, and to file a certification that he or she has done so. Here, Debtor met the initial requirement of paying one month's rent and filing a certification to that effect, as is reflected in a notice filed by the Court at ECF No. 5 (a notice that also spelled out the additional requirements for debtors to secure relief beyond the first 30 days). However, Debtor has failed to file a further certification that he cured all pre-petition arrears or the full judgment amount within the 30 days allowed and required by subsection 362(l). Nor does this appear to be a mere documentation error, as the landlord's motion, filed on May 15 and so after the allowed 30 days, presented evidence that the arrearage had not been paid in full. The Court's resulting order, entered on June 11, determined that the stay was not in effect by operation of sections 362(b)(22) and 362(l) of the Bankruptcy Code. [ECF No. 17]. Further, although generally orders of this

Court do not become fully final and enforceable for 14 days after entry, here the Court's order did not lift a stay that otherwise was in force, but rather confirmed the inapplicability of any stay by operation of the Bankruptcy Code. Because the stay was inapplicable by operation of the Code, the landlord was not obliged to wait 14 days from issuance of the order before proceeding with eviction efforts.

Debtor's emergency motion to vacate emphasizes Debtor's procedural misunderstanding of when the landlord's motion was to be heard, and states that he has paid two monthly post-petition rent payments. Debtor further understandably is extremely concerned about what he understands to be an impending eviction. The Court is sympathetic on a human level, but, having again reviewed the record and the governing law carefully, the Court concludes that the June 11 order is correct, that there is no bankruptcy-related impediment to eviction proceeding, and that the motion to vacate accordingly is DENIED.

SO ORDERED.

Dated: New York, New York
　　　June 15, 2026

_s/ David S. Jones_
Honorable David S. Jones
United States Bankruptcy Judge